UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILEY NELSON,

        Plaintiff,

v.                                      Case No. 2:19-cv-788-NPM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

**OPINION AND ORDER**

Wiley Nelson seeks judicial review of a denial of his applications for disability insurance benefits and supplemental security income. The Commissioner of the Social Security Administration filed the transcript[1] of the proceedings, and the parties filed a Joint Memorandum (Doc. 26). As discussed in this opinion and order, the decision of the Commissioner is affirmed.

## I.    Social Security Act Eligibility and the ALJ Decision

### A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

---

[1] Cited as "Tr." followed by the appropriate page number.

continuous period of not less than twelve months.[2] The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy.[3]

### B.   Factual and procedural history

Nelson was born in May 1965. (Tr. 86, 98, 115, 125). He graduated from a 4-year college with two bachelor's degrees, and his work history includes teacher, self-employed paddleboard instructor, and, most recently, massage therapist from 2005 until 2016. (Tr. 21, 89, 91, 233, 245, 364). On December 13, 2016, Nelson applied for supplemental security income, and on December 19, 2016, he applied for a period of disability and disability insurance benefits (Tr. 15, 84-85, 210-219). He asserted an onset date of May 30, 2016, alleging disability due to the following: brain injury; right shoulder reconstruction; sleep disorder; pancreatitis; hip replacement; and migraine headaches. (Tr. 86-87, 98-99, 115-116, 125-126).

Nelson's applications were denied initially on February 3, 2017, and upon reconsideration on August 14, 2017. (Tr. 84-138). At Nelson's request, the Administrative Law Judge ("ALJ") held a hearing on July 11, 2018. (Tr. 38-83, 161-162, 178, 201). The ALJ issued an unfavorable decision on October 30, 2018, finding Nelson not disabled from May 30, 2016, the alleged onset date, through the

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

date of her decision. (Tr. 12-31).

On September 11, 2019, the agency's Appeals Council denied Nelson's request for review. (Tr. 1-6). Nelson then filed a Complaint (Doc. 1) with this Court on October 31, 2019, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 19).

### C.    The ALJ's decision

An ALJ must perform a "five-step sequential evaluation" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. 404.1520(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. §§ 404.900(b), 416.1400. Unlike judicial proceedings, SSA hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103,

111, (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.' " *Id*. Indeed, "at the hearing stage, the Commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id*. (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id*. (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See Washington*, 906 F.3d at 1359; 20 C.F.R. §§ 416.912, 404.1512 (providing that the claimant must prove disability); *see also Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) ("The scheme of the Act places a very heavy initial burden on the claimant to establish existence of a disability by proving that he is unable to perform his previous work."); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001) ("[T]he overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant.").

4

In this matter, the ALJ found Nelson met the insured status requirements through June 30, 2019. (Tr. 18). At step one of the evaluation, the ALJ found Nelson had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18). At step two, the ALJ stated: "As discussed under Finding 5 and in affordance [sic] of the greatest benefit of the doubt as this diagnosis could very well be non-severe, the claimant has the following severe impairment: migraines well controlled with medications." (Tr. 18). At step three, the ALJ determined Nelson did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 22).

As the predicate to step four, the ALJ arrived at the following RFC:

> After careful consideration of the entire record and based on the combination of severe and non-severe impairments, the undersigned finds that the claimant retains the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he is limited to light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the regulations, as well as lift/carry 10 pounds frequently. This includes sedentary work as defined in the regulations. There are no limits for sitting in an eight-hour workday with standing and/or walking for up to six hours in an eight-hour workday. He is capable of performing all postural functions with the exception of no climbing of ladders, ropes, or scaffolds. He is to perform no overhead lifting, no overhead carrying and no overhead reaching with the bilateral extremities; however, reaching in all other directions is not limited. The claimant is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. He is to perform no work with vibratory tools or equipment. In the course of work, the claimant is to have no exposure to extremes of heat, humidity or cold temperatures.

> Secondary to non-severe mental and no transferability of job skills, the claimant retains the capacity to understand, remember and carry out simple instructions and perform simple routine tasks as consistent with unskilled work.

(Tr. 23). At step four, relying on the testimony of the vocational expert, the ALJ found Nelson is unable to perform any past relevant work. (Tr. 29).

Finally, at step five, the ALJ found Nelson could perform jobs that existed in significant numbers in the national economy. (Tr. 30). In support, the vocational expert identified three representative occupations an individual with Nelson's age (51 years old as of the onset date), education (at least a high school education), work experience and RFC could perform:

> (1) electronics worker, DOT 726.687-010, SVP 2;
>
> (2) production assembler, DOT 706.687-010, SVP 2; and
>
> (3) ticket taker, DOT 344.667-010, SVP 2.

(Tr. 29-30).[4] The ALJ, therefore, concluded that Nelson had not been under a disability within the meaning of the Social Security Act from the alleged onset date of May 30, 2016 through October 30, 2018, the date of her decision. (Tr. 31).

---

[4] The DOT numbers refer to the Dictionary of Occupational Titles and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work, in a purely physical sense, that the job requires, and it is divided into five categories: sedentary, light, medium, heavy and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled and skilled, with the "SVP" (Specific Vocational Preparation) providing further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled, SVP 3 and 4 are semiskilled, and SVP 5 through 9 are skilled.

## II.     Analysis

Nelson's appeal presents the following issue: whether the ALJ properly considered the impact of Nelson's migraine headaches on his RFC. (Doc. 26, p. 6).

### A.     Standard of review

While the Court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the Court's review of the agency's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. If supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963

F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

### B.   Whether the ALJ properly considered the impact of Nelson's migraine headaches on his RFC.

Nelson contends the ALJ erred at step three because she failed to articulate her reasons for finding Nelson did not meet a listed impairment as there was substantial evidence to demonstrate Nelson's migraines could meet Listing of Impairments ("Listing") 11.02. (Doc. 26, pp. 7-12). At step three, the claimant has the burden of proving that he has an impairment or combination of impairments that meet or medically equal a listed impairment. 20 C.F.R. §§ 404.1512(a), 416.912(a), 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). "To prevail, a claimant must provide evidence that his impairment meets all of the criteria in the pertinent regulation listing." *Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 487 (11th Cir. 2015) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). If the claimant meets or medically equals a listed impairment, he is conclusively presumed disabled. Otherwise, the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(d)-(e), 416.920(d)-(e).

Although Social Security Rulings ("SSRs") do not have the force of law, they are entitled to deference so long as they are consistent with the Social Security Act and regulations. *See Fair v. Shalala*, 37 F.3d 1466, 1469 (11th Cir. 1994); *see also* SSR 17-2p, 2017 WL 3928306, at *1 (Mar. 27, 2017) ("Although SSRs do not have

the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration) (citing 20 C.F.R. § 402.35(b)(1)). In 2017, the Social Security Administration provided notice of SSR 17-2p, which became effective on March 27, 2017. SSR 17-2p, 2017 WL 3928306, at *1. SSR 17-2p "provides guidance about how adjudicators at the hearing and Appeals Council levels of the administrative review process make findings about medical equivalence…." *Id.* SSR 17-2p rescinded and replaced SSR 96-6p and is the pertinent Ruling in this case.[5] *Id.*; *see* HALLEX I-5-3-30, 2017 WL 1362776, *5 (directing citation to SSR 17-2p for claim(s) filed before March 27, 2017); *Richardson v. Saul*, No. CV 2:18-00468-N, 2020 WL 1276102, *7 (S.D. Ala. Mar. 17, 2020) (holding SSR 17-2p governs claims that were filed before March 27, 2017 but decided by an ALJ after that date).

Importantly, SSR 17-2p provides:

[A]n adjudicator at the hearings or [Appeals Council] level must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing. If an adjudicator at the hearings or [Appeals Council] level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding. An adjudicator's articulation of the reason(s) why the individual is or is not

---

[5] Contrary to Nelson's assertions (Doc. 26, pp. 6-7), SSR 19-4p is irrelevant to this case because that Ruling did not go into effect until August 26, 2019, well after the ALJ issued her decision. SSR 19-4p, 2019 WL 4169635, at *8.

disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

2017 WL 3928306, at *4.

Nelson requests this Court defer to the Ninth Circuit's holding that an "ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or medically equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Nelson points out that *Lewis* was upheld since SSR 17-2p took effect in March of 2017, however, the cases Nelson cited do not mention or apply SSR 17-2p, nor is the Ninth Circuit's interpretation binding on this Court. (Doc. 26, p. 9); *see McMahon v. Berryhill*, 713 F. App'x 693, 694 (9th Cir. 2018); *Cargill v. Berryhill*, 762 F. App'x 407, 409 (9th Cir. 2019).[6]

In contrast, the Eleventh Circuit's interpretation of an ALJ's articulation requirement is consistent with SSR 17-2p. It has held that while an ALJ is required to consider the Listings, she does not have to "mechanically recite" the evidence and may implicitly find that a claimant does not meet a Listing. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (stating that, when an ALJ "did not explicitly state that the appellant's impairments were not contained in the listings, such a determination was implicit in the ALJ's decision" because he proceeded to step

---

[6] Also, the ALJ decisions in these cases were decided before 2017, so SSR 17-2p was not yet implemented. (*See* Doc. 26, p. 14).

four); *Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 706 (11th Cir. 2020) (upholding of *Hutchinson* for ALJ decision predating implementation of SSR 17-2p). Moreover, an ALJ's implicit conclusion regarding whether a claimant's condition meets a Listing must still be supported by substantial evidence. *See Prince v. Comm'r, Soc. Sec. Admin.*, 551 F. App'x 967, 970 (11th Cir. 2014).

At step three, the ALJ stated that she considered all of Nelson's impairments individually and in combination but found no evidence that the combined clinical findings from such impairments reached the level of severity contemplated in the Listings, including 11.00. (Tr. 22). She further stated that Nelson shows no evidence of an impairment which meets or equals the criteria of a listed impairment or of a combination of impairments equivalent in severity to a listed impairment, and as such, disability could not be established on the medical facts alone. (Tr. 22 (citing Tr. 544-562, 650-654, 688-690)).

Moreover, the ALJ provides a rationale for her treatment of Nelson's migraines elsewhere in her decision. *See generally* SSR 17-2p, 2017 WL 3928306, at *4 ("An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3."). The ALJ extensively discussed Nelson's testimony and medical evidence concerning migraines throughout her decision. (Tr.

24-29). In short, the ALJ acknowledged Nelson's long history of migraines but explained that it was generally well controlled with medications, Botox injections,[7] and conservative treatment. (Tr. 24 (citing Tr. 454, 632-633, 636-639, 642-644, 647-649); *see also* Tr. 26). Ultimately, "in the light most favorable" to Nelson, the ALJ found Nelson's migraines to be "severe, but well accommodated by the light residual functional capacity…." (Tr. 26). Accordingly, the ALJ did not err at step three because she complied with the articulation requirements.

## III.   Conclusion

Upon consideration of the submissions of the parties and the administrative record, substantial evidence supports the ALJ's decision and there was no error in the ALJ's application of the correct legal standard.

Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment, terminate any pending motions and deadlines, and close the case.

---

[7] Nelson perfunctorily mentioned that he could not afford Botox injections, but he failed to develop this argument. (Doc. 10, 12; Tr. 73). Therefore, this argument is waived. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue....").

**DONE** and **ORDERED** in Fort Myers, Florida on March 31, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE